# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. LYNCH | : | Adversary No.# 16-00301 AMC |
| V. | : | |
| EVELYN RIVERA | : | BANKRUPTCY No.# 16-16269-AMC |
| BANK OF AMERICA, | : | |
| BAYVIEW LOAN SERVICING, | : | |
| and KML GROUP INC. | : | |

PLAINTIFF S RESPONSE TO THE DEFENDANT EVELYN RIVERA S

MOTION TO DISMISS

To the Honorable Judges of the United States Bankruptcy court;

The plaintiff hereby objects to the dismissal of the proceedings and states the following in support thereof:

1. Admitted
2. Admitted

NOV -3 2016

3. Admitted in part and denied in part and by way of further averment states the following :That the jurisdiction over the subject matter and the parties was perfected by the defendant s filing a petition in this court which is a removal under chapter 7 of title 11 of the United States Bankruptcy code. That notice of this courts jurisdiction over the subject matter and defendants via a proper stay motion were filed with the superior court of Pennsylvania at Docket NO.S 2477 EDA 2016 ,1434 EDA 2016 , and 1435 EDA 2016 by the plaintiff . Indeed the plaintiff demands that the defendants either produce the insurance information on their interest in the subject property of the defendant Evelyn Rivera or that

the property be sold and the lien be extinguished and/ or recoverable on the leftover proceeds due to the defendants willful and intentional obstruction of the plaintiffs rights pursuant to Pennsylvania Rule of civil procedure 3159 A 6 which was not rescinded. Judgement holders right to sue insurer .It is general knowledge and common practice that home owners Insurance is made part of every mortgage as a matter of law and covers both the interest of the owner and other interested parties from losses in suits at law, Regardless of where the torts occurred.

4. Admitted.

5.DENIED : It is specifically denied that the plaintiff seeks to use the United States Bankruptcy court as an appellant court where the Bankruptcy Court lacks jurisdiction over the parties and subject matter. TO THE CONTRARY , by filing a bankruptcy in this court the defendant has opened the door on the matters to be considered by this court under the sections of the code cited in the adversary complaint for issuance of decision, decree ,and/ or ruling on each and every part of the adversary rules cited and complained of. The complainant is moving under The United States Bankruptcy Code # 7001 (2): TO DETERMINE THE VALIDITY PRIORITY,OR EXTENT OF THE LEIN OR INTEREST IN THE SUBJECT PROPERTY . , (3) TO : OBTAIN APPROVAL FOR THE SALE OF BOTH THE INTEREST OF THE ESTATE ,AND THAT OF THE CO OWNER OR INTERESTED PARTIESOF THE PROPERTY . , (4) TO : OBJECT TO OR REVOKE A DISCHARGE.(5) TO :DETERMINE THE DISCHARABILITY OF A DEBT (9) TO OBTAIN A DECLARATORY JUDGEMENTR (IE A JUDGEMENT EXPLAINING DISPUTED LAW PA.RULE OF CIVIL PROCEDURE 3159 a ( 6 ) OR (10) TO : DETERMINE A CLAIM OR CAUSE OF ACTION REMOVED FROM THE STATE COURT BY VIRTUE OF THE BANKRUPTCY IN THIS MATTER .

5. The plaintiff is within his rights to file a complaint before the court for relief under the stated sections of the code, and it is specifically denied that the matter is able to be dismissed under F.R C.P.12 (b) 1 or 12 (b) 6.

6. The plaintiff has stated enough facts to support no dismissal of the matter and or otherwise clarifies herein . Plaintiff states here and for the

record that anyone INCLUDING THE DEFENDANT who comes to the residence of another, with violence and dangerous persons in pursuit, of them as in this case which posed an imminent ,clear ,and present danger. Then enters said residence knows and or reasonably should know that those persons are intent on causing injury to the person being pursued and anyone else in that residence by virtue of their presents there. That resident having no duty or obligation to retreat from his home under Pennsylvania s laws is likely to be injured in responding to the intruders.

7. That when the resident locks the door , calls for police and orders the person who entered not to open the door so that said violent and dangerous individual s do not get in the residence for fear of personal injuries to himself and that person who entered ,a line has been drawn.

8. That when that person who entered thereafter opens the door allowing said violence and dangerous persons to enter, and cause harm to the resident the plaintiff claims they have knowingly, intentionally, willfully and maliciously caused the injury to the resident just as if they had done so themselves by reason of accessory to the fact of assault and battery and /or otherwise has aided and abetted in the assault and battery on he who's residence it is . Just as if she the judgement debtor had opened the door to a pack of vicious wolves, these damages caused are not dischargeable therefore under the Bankruptcy law. There is nothing negligent, careless , or reckless about the facts ,circumstances , and information being pleaded before this court which are the record upon which plaintiff holds judgement in the state court.

9. In addition the defendants attempt to belittle , stereo type designate, infer ,or insinuate that the adversary s judgement by default is of lesser importance than that of a trial judgement is objected to.

10. The drawing of a distinction on judgements as to the validity based as stated is wrong, a judgement on the matter is judgement upon both the facts and liabilities regardless of whether it is reached by trial or by default.

11. It is further specifically denied that the merits of the plaintiffs adversary complaint were ruled upon by the state trial or appellant courts where the matter was quashed without reaching the said merits as not final, and not appealable CONTRARY to the current state of the law in Pennsylvania At 2477 EDA 2016.  SEE : West Appellant Practice 2nd edition orders concerning attachments - Writs of execution 311:28. . and also dismissed upon P.O. s of the interested parties as to the production of the insurance information on their interest for 3159 a (a) purposes without full and fair hearings before the courts.

12. It is also highly unlikely that the Pennsylvania Supreme court would accept the matters, and issues presented herein which are a clear miscarriage of justice and direct violation of plaintiff rights under the law.  Under color of Bankruptcy law.

13. Where here the defendant has used the premise and proposition of a future relief order as justification , authority ,and warrant under color of the Bankruptcy code to postpone and/ or stay a sheriffs sale the day before it was scheduled to occur. These actions are in violation of the plaintiffs rights to the administration of justice without delay as stated in the Constitutions of both the federal and state constitutions more specifically Article 1 section 11 of the Pennsylvania Constitution.

14. The plaintiff claims that no such preemptive relief is authorized in the code.  There is either a relief order, or there is not at the time the sale is postponed, and in this case there was not.

15. There is no such thing as a (pre relief order relief) on premise or proposition written into the code.

16. Where bankruptcy law is implicated,  and/ or referred to for justification to postpone a sale upon a writ of execution this court has jurisdiction .Most certainly to address the situation ex post facto of the filing of a bankruptcy case, and adversary complaint on the estate as to its incomes, liabilities, and the insurance policies related to the ESTATE as well as the disposition of property of the debtor defendant named herein to satisfy non dischargeable debts which plaintiffs claim is under the law.

17. It is noteworthy that at the hearing of August 1 2016 before the Hon. Lynda Carpenter of the Philadelphia Court of common Pleas.
That the plaintiff was threatened with incarceration if he spoke on the merits before the court, and deprived of his rights to be heard in the state court on the preceding issues raised as to preemptive relief issue without an order of relief. That the plaintiff has since ordered the transcripts, and is awaiting receipt of those documents from the official court reporter, and will file them of record in this case as exhibit on the miscarriage of justice in the postponement of the sale as stated herein on (premise and proposition) without any relief order from this Honorable court, or any appropriate warrant or justification in doing so appearing in the record.

18. IT is the TINKER v. COLWELL case 193 U.S.473 (1904) citing United States v Reed 86 F. 308 at page 487 and 488 which governs on these circumstances in this case. These circumstances are not that of an auto accident, not that of a medical malpractice case, It was held by the court : That malice consisted in the willful doing of an act which the person doing it knows is liable to injure another ,regardless of the consequences ,and a malignant spirit, or specific intention to hurt a particular person is not an essential element upon that principal.
We think a willful disregard of what one knows to be his duty ,an act which is against good morals ,and wrongful in and of itself, and which necessarily causes injury , and is done intentionally maybe said to be done willfully and maliciously, So as to come within the exception.
It is urged that the malice referred to in the exception is malice towards the individual personally, such as is to mean for instance in a statute for malicious injury, or destroying of property ,or for malicious mischief. Where mere intentional injury without special malice towards the individual has been held by some courts not to be sufficient. (Citing Commonwealth v. Williams 110 Mass 401) . We are not inclined to place such a narrow construction upon the language of the exception,

We do not think the language used was intended to limit the exception in any such way. It was an honest debtor and not a malicious wrongdoer that was to be discharged.

Based upon that which is stated above and the supporting case law from long ago which the case and issues do fall squarely under its authority. It is respectfully requested that the Court deny the motions to dismiss by the judgement debtor and the other interested parties ,and order the insurance information produced for the estate or in the failure to do so by the defendants order the property sold by The Philadelphia Sheriffs Office where the sale has been postponed till December by request of the plaintiff after notice of the bankruptcy and will be postponed again until the very moving issues in the matter are addressed by the United States Courts.

RESPECTFULLY SUBMITTED

*John J Lynch*

10/26/16

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. LYNCH | : ADVERSARY NO.#16-00301-AMC |
| v. | : |
| EVELYN RIVERA , | : BANKRUPTCY NO.# 16-16269-AMC |
| BANK OF AMERICA, | : |
| BAYSHORE LOAN SERVICING, | : |
| And KML GROUP INC | : |

NOV -3 2016

## CERTIFICATE OF SERVICE

I, JOHN J. LYNCH hereby certify that the attached answer to the motion to dismiss and brief of the defendant were served by placing a true and correct copy in the United States mail on the 26th,day of October 2016 addressed to the following persons :

1) The Clerk of the court

   U. S. BKY CT 4th Fl.

900 Market St

Phila.,Pa.,19106

2) Office of the U.S. Trustee

833 Chestnut st.Suite # 500

Phial Pa 19106

3) Evelyn Rivera

   10814 Modena Terrace

   Phila.,Pa.,19154

4) Gary F. Seitz

   601 Walnut St. Suite 280 South

   Phila.,Pa.,19106

5) Laura Elizabeth Vendzules Esq.

Kyle Vellunato Esq

Blank Rome LLp

1 LOGAN SQ

Phila.,Paq.,19106

6) Thomas Puleo Esq.

Joshua Goldman Esq.

KML LAW GROUP Inc.

Mellon Independence ctr. Suite 5000

701 Market St

Phila.,Pa.,19106

7) Jennifer Schultz Esq.

Community legal aid services

1410 West Erie Ave.

Phila.,Pa.,19140

*John J Lynch*
10/26/16