IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE JOHN J. LYNCH : CIVIL ACTION
: *16-301*
: *16-16269*
: NO. 17-cv-312

ORDER

AND NOW, this 16th day of March 2017, it is hereby ORDERED that Appellant's appeal is DISMISSED for lack of jurisdiction. It is further ORDERED that Appellant's Motion to Consolidate (Doc. No. 2) and KML Group, Inc.'s Motion to Dismiss (Doc. No. 5) are DENIED as moot. The Clerk of Court is directed to close this case for statistical purposes.

"An appeal from a decision of a bankruptcy court is subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.'" In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011)(citing 28 U.S.C. § 158(c)(2)). Rule 8002 states that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after *entry* of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1) (emphasis added). If appellant seeks an extension of time to file a notice of appeal, the appellant must file such motion within the provided 14 day period, or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Even when excusable neglect exists, the appellant must raise such neglect within the allotted 21 days; no extensions requests are proper after a total of 35 days from entry of a judgment or order. See Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997); In re Allegheny Health Educ. & Research Found., 181 F. App'x 289, 291 (3d Cir. 2006). If no such request is made to the bankruptcy judge, the reviewing district court is "without jurisdiction to

1

pass upon any claim by [Appellant] for an extension of time for filing." In re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir. 1985). Moreover, a party's "failure to file a timely notice of appeal [] deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." Id.

In this case, the Bankruptcy Court's Order dismissing the proceeding was entered on the docket on December 1, 2016. (Doc. No. 1). Appellant filed a notice of appeal on January 18, 2017. (Id.). Based on these dates, Appellant's notice of appeal was filed 48 days after entry of the Court's order on the docket; the notice of appeal was filed 34 days late. Nevertheless, in a filing to the court, pro se Appellant indicates that he was arrested on or about November 28, 2016, and has since been incarcerated. (Doc. No. 13). While incarcerated, Appellant claims that he placed his notice of appeal in the prison mailbox on January 10, 2016, which is the relevant filing date as per Federal Rule of Bankruptcy Procedure 8002(c)(1). See Rule 8002(c)(1) ("the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing"). When calculated by this date, Appellant's notice of appeal was still filed 40 days after entry of the Court's order; the notice of appeal was still filed 26 days late.

Appellant also contends that the time at which his 14-day window to file should begin to run is January 5, 2017—the date at which he received notice of the Bankruptcy Court's order, as the copy mailed to his home address had to be collected by family members and then forwarded to him in detention. The wording, however, of Rule 8002(a)(1) is clear than the 14-day period begins at entry of judgment, not the receipt of a mailed copy of the order. See Fed. R. Bankr. P. 8002(a)(1); cf. Poole v. Family Court of New Castle Cty., 368 F.3d 263, 269 (3d Cir. 2004) (the third circuit rejected a civil appellant's argument that "notice of appeal should be regarded as having been filed on time because there was a delay in his receipt of notice from the district court

clerk's office regarding the entry of the order of dismissal. This delay resulted from [Appellant's] transfer from one correctional institution to another shortly before the order of dismissal was entered"). Despite Appellant's circumstances, this Court cannot discretionarily extend Appellant's deadlines to appeal beyond what is permitted by 28 U.S.C. § 158(c)(2) and Rule 8002(a)(1).

Accordingly, this Court lacks jurisdiction to hear the instant appeal.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.