United States Bankruptcy Court
Eastern District of Pennsylvania

Lynch,
    Plaintiff                                       Adv. Proc. No. 16-00301-amc

Rivera,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Stacey           Page 1 of 1           Date Rcvd: Dec 08, 2017
                              Form ID: pdf900      Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 10, 2017.
```
ust           +BRENDA D. GISH,    Office of United States Trustee - U.S. D,    Federal Building,
               228 Walnut Street, 11th Floor,    Harrisburg, PA 17101-1714
dft           +Evelyn Rivera,    10814 Modena Ter,    Philadelphia, PA 19154-3920
pla           +John J. Lynch,    3281 Red Lion Road,    Apt. #1,    Philadelphia, PA 19114-1108
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: bankruptcy@phila.gov Dec 09 2017 01:10:22      City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA 19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 09 2017 01:09:43
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 09 2017 01:10:02      U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
ust           +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Dec 09 2017 01:09:48      Frederic J. Baker,
               Office of United States Trustee,    833 Chestnut Street,    Suite 500,
               Philadelphia, PA 19107-4405
ust           +E-mail/Text: USTPRegion03.WL.ECF@USDOJ.GOV Dec 09 2017 01:09:48       SHAKIMA L. DORTCH,
               U.S. Dept. of Justice - U.S. Trustee,    844 N. King Street,    Suite 2207,
               Wilmington, DE 19801-3519
ust           +E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV Dec 09 2017 01:09:48       United States Trustee,
               228 Walnut Street, Suite 1190,    Harrisburg, PA 17101-1722
ust           +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Dec 09 2017 01:09:48      United States Trustee,
               Office of the U.S. Trustee,    833 Chestnut Street,    Suite 500,    Philadelphia, PA 19107-4405
                                                                                              TOTAL: 7
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 10, 2017                                                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 8, 2017 at the address(es) listed below:
```
              DAVID A DEFLECE    on behalf of Defendant    BANK OF AMERICA ddeflece@blankrome.com
              DAVID A DEFLECE    on behalf of Defendant    Bayshore Loan Servicing ddeflece@blankrome.com
              JENNIFER SCHULTZ    on behalf of Defendant Evelyn Rivera jschultz@clsphila.org
              KEVIN G. MCDONALD    on behalf of Defendant    Bayshore Loan Servicing KMcDonald@blankrome.com
              KEVIN G. MCDONALD    on behalf of Defendant    BANK OF AMERICA KMcDonald@blankrome.com
              THOMAS I. PULEO    on behalf of Defendant    KML Group, Inc. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Defendant    Bayshore Loan Servicing tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
                                                                                              TOTAL: 7
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | Chapter 7 |
| | : | |
| EVELYN RIVERA, | : | |
| | : | Bankruptcy No. 16-16269-AMC |
| DEBTOR | : | |
| | : | |
| JOHN J. LYNCH, | : | |
| | : | |
| PLAINTIFF | : | |
| | : | Adv. Proc. No. 16-00301-AMC |
| V. | : | |
| | : | |
| EVELYN RIVERA; BANK OF | : | |
| AMERICA; BAYSHORE LOAN | : | |
| SERVICING; AND KML GROUP, INC., | : | |
| | : | |
| | : | |
| DEFENDANTS | : | |

Ashely M. Chan, United States Bankruptcy Judge

## OPINION

### INTRODUCTION

John Lynch, the plaintiff in the above-captioned proceeding ("Plaintiff"), has filed a motion ("Motion") seeking to have this Court vacate its November 30, 2016 order ("Order") granting the defendants' motions to dismiss Plaintiff's adversary complaint with prejudice ("Dismissal Motions"). Pl.'s Mot. ¶ 5, Case No. 16-00301 ECF Doc. 59. The Plaintiff argues that the Court lacked jurisdiction to rule on the Dismissal Motions while Plaintiff's appeal of this Court's prior order denying his in forma pauperis petition ("Appeal") was pending before the District Court. Pl.'s Mot. ¶ 3.

The Court will deny the Motion because: (1) the District Court lacked jurisdiction over the Appeal since the Appeal was untimely filed; (2) even if the District Court had jurisdiction

1

over the Appeal, the merits of the Dismissal Motions are unrelated to the Appeal; (3) failure to pay a filing fee is not considered a jurisdictional issue; and (4) Plaintiff has failed to articulate extraordinary circumstances which would warrant vacating the Order.

**FACTS AND PROCEDURAL HISTORY**

In December of 2014, KML Law Group, P.C. ("KML") initiated mortgage foreclosure proceedings ("Foreclosure Action") on behalf of Bank of America, N.A. ("BOA") in the Philadelphia Court of Common Pleas ("CCP") against Evelyn Rivera ("Debtor") in connection with a mortgage that she gave to BOA ("Mortgage") on her personal residence ("Property").[1] Defs. Bayview & BOA's Br. in Supp. Mot. to Dismiss ("Bayview & BOA's Br.") 2; Def. KML's Br. in Supp. Mot. to Dismiss ("KML's Br.") 1. During the course of that litigation, BOA assigned its interest in the Mortgage to Bayview Loan Servicing ("Bayview").[2] Bayview & BOA's Br. 2.

In April of 2015, the Plaintiff filed a personal injury action ("PI Action") against the Debtor related to injuries that the Plaintiff sustained in his own home after the Debtor permitted two intruders to enter Plaintiff's home.[3] KML's Br. 2. The Plaintiff ultimately obtained a default judgment ("Judgment") against the Debtor in the amount of $50,000. *Id.* at 1.

Although the Plaintiff sustained his injuries at home, he apparently believed that he could file a claim under the Debtor's homeowner's insurance policy ("Policy") in order to satisfy the Judgment. As a result, Plaintiff unsuccessfully sought entry of an order in his PI Action requiring

---

[1] This matter was captioned *Bank of America, N.A. v. Evelyn Rivera*, Philadelphia County Court of Common Pleas, December Term, 2014, No. 140603338. Bayview & BOA's Br. 2; KML's Br. 1.
[2] Plaintiff improperly pled Bayview Loan Servicing as "Bayshore Loan Servicing," Bank of America, N.A. as "Bank of America" and KML Law Group, P.C. as "KML Group, Inc." Bayview & BOA's Br. 1.
[3] This matter was captioned *John J. Lynch v. Evelyn Rivera*, Philadelphia Court of Common Pleas, March Term, 2015, No. 150304249. Bayview and BOA's Br. 2; KML's Br. 1.

Bayview and KML to provide him with information about the Debtor's Policy. Bayview & BOA's Br. 2 Ex. 5; KML's Br. 2.

Plaintiff also unsuccessfully sought to intervene in the Foreclosure Action in order to quash the priority lien status of BOA, which still held the Mortgage at the time, based upon BOA's failure to provide information about the Policy to the Plaintiff. Bayview & BOA's Br. 3; KML's Br. 3; Compl. ¶ 8. The CCP entered an order denying the Plaintiff's petition to intervene. Bayview & BOA's Br. 3; KML's Br. 3 Ex. F. Plaintiff appealed that order and the Superior Court quashed the appeal. *Id.*; KML's Br. Ex. G.

The Plaintiff also filed his own action in the CCP ("Third Action") against BOA, Bayview and KML asserting bad faith and seeking damages based upon the defendants' refusal to provide information about the Policy to the Plaintiff in the PI Action.[4] Bayview & BOA's Br. 2; KML's Br. 3; Compl. ¶ 7. The defendants filed preliminary objections, and the CCP dismissed the complaint with prejudice. KML's Br. 3 Ex. E. Plaintiff appealed. Compl. ¶ 10. The CCP's opinion in support of its decision stated that:

> It is unclear to this Court why Lynch feels that the assignee of a mortgage (or the law firm involved in foreclosure proceedings related to the mortgage) has any responsibility to furnish information of any kind to a third party who claims to have been injured in a property other than the mortgaged premises. Lynch failed to identify any sort of duty, created either by law or by contract, that any of the parties to this case would have to him. For that reason, all of Lynch's claims, both in tort and in contract, could not warrant recovery against these Appellees. KML's Br. Ex. E.

On March 1, 2017, the Superior Court entered an order affirming the CCP. Dist. Ct. Case No. 17-cv-312 KML's Suppl. Resp. ¶ 4 Ex. A.

---

[4] This matter was captioned *John J. Lynch v. Bank of America, Bayview Loan Servicing, KML Law Group, and Matthew Fisel, Esq.*, Philadelphia Court of Common Pleas, December Term, 2015, No. 151202495. Bayview & BOA's Br. 2; KML's Br. 1.

3

On September 7, 2016, the Debtor filed this Chapter 7 bankruptcy proceeding. Case No. 16-16269 ECF Doc. 1. On September 12, 2016, the Plaintiff filed an adversary complaint ("Complaint") against the Debtor, BOA, Bayview and KML (collectively, the "Defendants"). Case No. 16-00301 ECF Doc. 1. The Complaint essentially is unintelligible and, other than a vague reference to Federal Rules of Bankruptcy Procedure 7001(2), (3), (4), (6) and (9), is devoid of any reference to the Bankruptcy Code or applicable bankruptcy principles.

The Complaint generally lists various grievances that the Plaintiff has against each of the Defendants related to the PI Action, the Foreclosure Action and the Third Action and requests that this Court "take jurisdiction over the several matters, order the insurance information to be provided so plaintiff can file a claim, or complaint pursuant to his right to do so against the insurer of the judgement debtors interest, or in the alternative order the property involved sold forth wit [sic] without any further delay quashing the priority lien status for the shady actions of the interested parties in attempting to deprive the plaintiff of the just compensation and circumventing the law." Compl. 5.

On the same day that the Plaintiff filed the Complaint, he filed a petition to proceed in forma pauperis ("Petition") in this adversary proceeding. Case No. 16-00301 ECF Doc. 2. On September 26, 2016, this Court entered an order ("Petition Order") denying the Petition and giving him 30 days to pay the filing fee. *Id.* at 6. In the meantime, all of the Defendants filed their Dismissal Motions. *Id.* at 8, 10, 14. The Plaintiff failed to file a timely objection to the Dismissal Motions. Thereafter, on October 14, 2016, the Plaintiff filed his Appeal of the Petition Order in the District Court. *Id.* at 16.

On October 18, 2016, this Court continued the hearings on the Dismissal Motions to November 30, 2016. Case No. 16-00301 ECF Doc. 19. On November 3, 2016, the Plaintiff filed

4

an untimely objection ("Objection") to the Dismissal Motions. *Id.* at 22. The Plaintiff was arrested and incarcerated on November 28, 2016, and, as a result, was unable to attend the November 30, 2016 hearing on the Dismissal Motions. Dist. Ct. Case No. 17-cv-312 Order 2. On November 30, 2016, this Court held a hearing on the Dismissal Motions and, based upon, *inter alia*, Plaintiff's failure to state a claim in the Complaint, entered the Order granting the Dismissal Motions with prejudice. Case No. 16-00301 ECF Doc. 28-30.

On January 18, 2017, the Plaintiff filed an appeal of the Order ("Second Appeal") in the District Court. Case No. 16-00301 ECF Doc. 37. On March 16, 2017, the District Court entered orders dismissing both the Appeal and the Second Appeal for lack of jurisdiction since the Plaintiff failed to timely file his notices of both appeals. Dist. Ct. Case No. 16-cv-5493 Order 1; Dist. Ct. Case No. 17-cv-312 Order 1. On September 7, 2017, the Plaintiff filed this Motion, arguing that the Court lacked jurisdiction to enter the Order while the Plaintiff's Appeal was still pending. Case No. 16-00301 ECF Doc. 59.

**DISCUSSION**

**I.        Untimely Appeal of Order Denying In Forma Pauperis Petition**

The Plaintiff's failure to file his Appeal of the Petition Order within the time required by Fed. R. Bankr. P. 8002(a)(1) prevented the District Court from having jurisdiction over his case, leaving jurisdiction properly with this Court. "An appeal from a decision of a bankruptcy court is subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.'" *In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011). According to Fed. R. Bankr. P. 8002(a)(1), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the

5

judgment, order, or decree being appealed." The Third Circuit has characterized the filing of timely appeals specifically as a jurisdictional issue. *In re Flanagan*, 999 F.2d 753, 756 (3d Cir. 1993); *In re Universal Minerals, Inc.*, 755 F.2d 309, 312 (3d Cir.1985) (failure to file timely notice of appeal from a bankruptcy court order deprives district courts of jurisdiction to review the bankruptcy court's order). Although a litigant may request an extension of time to file an appeal, the litigant must do so by motion to the bankruptcy court and within the 14-day period, or a 21-day period upon a showing of excusable neglect. Fed. R. Bankr. P. 8002(d)(1)(A)-(B). The Third Circuit has made clear that a late notice of appeal alone shall not be construed as a motion to extend the time to file an appeal, even for *pro se* litigants. *In re Allegheny Health, Education, and Research Foundation*, 181 Fed. Appx. 289, 291 (3d Cir. 2006) (citing *Poole v. Family Court of New Castle County*, 368 F.3d 263, 267 (3d Cir. 2005); *Herman v. Guardian Life Ins. Co. of Am.*, 762 F.2d 288, 289-90 (3d Cir. 1985)).

As set forth in the District Court's order dismissing the Appeal, the Plaintiff filed his notice of the Appeal three days late. Dist. Ct. Case No. 16-cv-5493 Order 2. As a result, jurisdiction of the matter never moved from this Court to the District Court.[5]

---

[5] In addition, because the Petition Order was merely an interlocutory order, Plaintiff's failure to request leave of this Court before filing the Appeal also deprived the District Court of jurisdiction and made the Appeal a nullity. According to 28 U.S.C. § 158(a), "[t]he district courts...shall have jurisdiction to hear appeals from final judgments, orders, and decrees...and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges..." Although final orders in bankruptcy cases may be appealed immediately, the appellant must seek leave of court to file an appeal of an interlocutory order. *Matter of U.S. Abatement Corp.*, 39 F.3d 563, 566 (5th Cir. 1994); *In re Trimble*, 2008 WL 782581, at *3 (Bankr. D. N.J. March 18, 2008). Appeals of this nature taken without leave of court are considered a nullity, whereby the lower court retains jurisdiction over the matter. *In re Trimble*, 2008 WL 782581, at *3. "The rationale behind this rule is that '[i]f an aggrieved litigant could stop or hinder lower court proceedings simply by filing an unauthorized notice of appeal, he could interrupt the progress of the proceeding at will.'" *Id.*

## II. This Court May Consider Matters Unrelated to the Appeal

In addition, because the Petition Order was unrelated to the merits of the Dismissal Motions, the Court would have retained jurisdiction over the Dismissal Motions, even if the Plaintiff had timely filed his notice of Appeal of the Petition Order.

Ordinarily, filing a notice of appeal divests a lower court of jurisdiction over the subject matter of the appeal in order to avoid confusion and maintain the integrity of the appeal process. *In re Pursuit Capital Management*, 2017 WL 2537234, at *7 (Bankr. D. Del. June 9, 2017); *In re Whispering Pines Estates,* 369 B.R. 752, 757 (BAP 1st Dist. 2007) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *In re Trimble*, 2008 WL 782581, at *2. This rule aims to prevent "confusion and inefficiency if two courts were to adjudicate the same issues simultaneously." *In re Pursuit Capital Management*, 2017 WL 2537234, at *7; *In re Trimble*, 2008 WL 782581, at *2. Subject matter of the appeal includes all matters that can directly affect the outcome of an appeal. *In re Whispering Pines Estates,* 369 B.R. at 761. In the bankruptcy context, the appeal of an order denying a party's motion to proceed in an adversary proceeding does not stay the entire bankruptcy case. *In re New Century TRS Holdings, Inc.*, 2013 WL 5755058, at *3 (Bankr. D. Del. Oct. 16, 2013).

Fed. R. Bankr. P. 8005 provides that, during an appeal, "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Bankruptcy courts are not divested of jurisdiction to decide "issues and proceedings different from and collateral to those involved in the appeal." *In re Pursuit Capital Management*, 2017 WL 2537234, at *6.

7

Of course, a bankruptcy court must not exercise jurisdiction over issues which would "so impact the appeal as to circumvent the appeal process." *In re Whispering Pines*, 369 B.R. at 759. For example, a bankruptcy court cannot alter or modify its prior order while that order is pending on appeal. *In re 710 Long Ridge Road Operating Company, II, LLC*, 2014 WL 1648725, at *3 (Bankr. D. N.J. April 24, 2014).

Since the Court's resolution of the Dismissal Motions had no bearing on the issue of whether the Court erred in denying the Petition, the Court retained jurisdiction to rule on the Dismissal Motions. Therefore, even if the Plaintiff had timely filed his notice of Appeal, the Court still would have retained jurisdiction to rule on the Dismissal Motions.

### III. Remittance of Filing Fee Is Not Jurisdictional

The Plaintiff also argues that his failure to pay the filing fee at the time that the Court ruled on the Dismissal Motions deprived the Court of jurisdiction to decide his case. Pl.'s Mot. ¶ 3. However, the Third Circuit has specifically stated that "remittance of a filing fee is not jurisdictional." *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *In re Brown*, 311 B.R. 721, 727 (Bankr. W.D. Pa. 2004). The general rule is that a complaint in a civil action is deemed filed when placed in the custody or possession of the clerk. *In re Brown*, 311 B.R. at 726. Courts have held that an untimely payment of a filing fee alone does not vitiate the validity of an otherwise timely filed complaint or notice of appeal. *McDowell*, 88 F.3d at 191 (citing *Gould v. Members of New Jersey Div. of Water Policy & Supply*, 555 F.2d 340, 341 (3d Cir.1977)). Although courts have discretion to dismiss matters for failure to timely pay the filing fee, they are not required to do so. *See In re Rutherford*, 427 B.R. 656, 661 (Bankr. S.D. Ohio 2010). Plaintiff's failure to pay the filing fee, therefore, did not deprive the Court of jurisdiction to decide the Dismissal Motions.

8

IV.  **No Extraordinary Circumstances Were Presented in the Motion**

Although the Plaintiff only sought to vacate the Court's November 30, 2016 Order based upon jurisdictional grounds, the Court will also consider whether grounds exist to vacate the Order under Fed. R. Civ. P. 60(b) ("Rule 60(b)"), as incorporated by Fed. R. Bankr. P. 9024. Because the Plaintiff's Motion did not articulate any extraordinary circumstances which would warrant granting relief, the Court will not vacate its November 30 Order pursuant to Rule 60(b).

Under Rule 60(b), upon motion, courts may relieve a party from an order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Here, parts (1)-(5) of Rule 60(b) are inapplicable, so the Court will limit its consideration of the Motion to Rule 60(b)(6).

To be entitled to relief under Rule 60(b)(6), a litigant must demonstrate "extraordinary circumstances," where, without such relief, an extreme and unexpected hardship would occur. *In re Nortell Networks,* 664 Fed. Appx. 157, 159 (3d Cir. 2016) (citing *Cox v. Horn,* 757 F.3d 113, 115 (3d Cir. 2014)); *In re G&M Enters.,* 485 B.R. 112, 126 (Bankr. E.D. Pa. 2013); *In re Express Car & Truck Rental, Inc.,* 455 B.R. 434, 441 (Bankr. E.D. Pa. 2011). Rule 60(b)(6) "is not read liberally to give a disappointed party an opportunity to relitigate his or her case, revisit issues the court has already considered in its judgment, advance new arguments, or present facts that were otherwise available at the time of judgment." *In re Express Car & Truck Rental Inc.,* 455 B.R. at 439. Furthermore, a Rule 60(b) motion is not intended to serve as a substitute for an appeal. *Id.*

9

Plaintiff's Motion does not articulate any facts demonstrating extreme hardship if this Court fails to vacate the Order, and the facts surrounding this case do not demonstrate extraordinary circumstances. Indeed, extraordinary circumstances do not exist when a creditor's untimely appeal of a dismissal order is dismissed. *See In re Express Car & Truck Rental Inc.*, 455 B.R. at 441 (extraordinary circumstances did not exist for a bankruptcy court to reconsider its dismissal order where creditor's appeal of the dismissal order was dismissed for untimely filing).

Although the Plaintiff was unable to attend the hearing on the Dismissal Motions on November 30, 2016, the Court considered Plaintiff's late filed objection to the Dismissal Motions in making its determination, even though the Court was not required to do so. Case No. 16-00301 ECF Doc. 22; Rivera's Resp. ¶ 6. Accordingly, Plaintiff's incarceration did not create any extraordinary circumstances. *See Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (finding extraordinary circumstances and setting aside a *default* judgment that was entered against an incarcerated individual who was jailed before he could file any response and whom government officials prevented from contacting legal help).

Here, the Plaintiff's incarceration did not occur until after the Plaintiff filed his untimely objection to the Dismissal Motions. *See* Dist. Ct. Case No. 17-cv-312 Order 2. Moreover, the Complaint was dismissed with prejudice on the merits: (1) under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted, and (2) under Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") pursuant to the *Rooker-Feldman* doctrine.

### a. Rule 12(b)(6): Failure to State a Claim upon Which Relief Can Be Granted

In the Complaint, Plaintiff sought entry of an order from the Court to "take jurisdiction" over the PI Action, the Foreclosure Action and the Third Action and requiring Defendants to provide information about the Debtor's Policy so that Plaintiff could file a claim against the Policy or, in

10

the alternative, requiring a sale of Debtor's Property and quashing Bayview's Mortgage on the Property. Compl. 5.

Rule 12(b)(6), as incorporated by Fed. R. Bankr. P. 7012(b), requires dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion to dismiss, courts must accept the factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Adalian*, 474 B.R. 150, 158 (Bankr. M.D. Pa. 2012) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir.1991)). However, courts may not regard legal conclusions in the complaint the same way. *In re Sobol*, 545 B.R. 477, 486 (Bankr. M.D. Pa. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At minimum, in order for a complaint to survive a motion to dismiss, it must contain a "short and plain statement of the claim showing the pleader is entitled to relief." *In re Sobol*, 545 B.R. at 486; *see also In re Brady*, 458 B.R. 814, 817 (Bankr. D. Del. 2011). Although a complaint does not have to include detailed factual allegations, it must plead more than merely "labels and conclusions." *In re Sobol*, 545 B.R. at 486 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint must at least exhibit plausibility on its face by pleading factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct and that discovery will reveal evidence of the necessary elements of a claim. *Ashcroft*, 556 U.S. at 678; *In re Brady*, 458 B.R. at 817. Although *pro se* pleadings are subject to a less stringent standard, the complaint must still contain sufficient facts to support the claims pleaded. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007); *Pellegrino v. U.S. Transp. Sec. Admin.*, 855 F. Supp. 2d 343, 353-54 (E.D. Pa. 2012).

11

Here, the Complaint lacked any factual or legal assertions that would have allowed this Court to grant relief. It did not contain any specific counts, nor did it recite any facts that would have established a basis for relief under applicable bankruptcy law. Moreover, on the face of the Complaint, the Plaintiff specifically requested that the Court take over adjudication of the various prepetition state law cases filed by and among the parties to this proceeding, in direct violation of the *Rooker-Feldman* doctrine. Even under the more lenient standard of review for complaints of *pro se* litigants, this Complaint failed to state any claims for which relief could have been granted.

In addition, Fed. R. Bankr. P. 7001(2) authorizes commencement of an adversary proceeding to determine the validity, priority, or extent of a lien or other interest in property. Although the Complaint requested that the Court quash Bayview's priority lien status on the Debtor's Property, the Plaintiff failed to allege any facts or legal basis in support of this request, other than Plaintiff's desire to punish the Defendants for their alleged wrongful action in not providing Plaintiff with information about the Policy. Compl. ¶ 8, p. 5. That the Defendants have no duty to provide such information has already been established multiple times by various state courts. Bayview & BOA's Br. 2-3; KML's Br. 2-3.

Fed. R. Bankr. P. 7001(3) authorizes commencement of an adversary proceeding to obtain approval under § 363(h) for the sale of the interest of the estate and of a co-owner in property. However, § 363(h) only permits a trustee to sell the interest of the estate or co-owner, which left the Plaintiff without standing to request a sale pursuant to this section.

Fed. R. Bankr. P. 7001(4) authorizes commencement of an adversary proceeding to object to or revoke a discharge pursuant to § 727. However, the Complaint made no reference to the

12

Debtor's discharge, and none of the facts alleged by the Plaintiff regarding the Debtor's conduct would have warranted a denial of a discharge under § 727.

Fed. R. Bankr. P. 7001(6) authorizes commencement of an adversary proceeding to determine the dischargeability of a particular debt. The Complaint offered no basis to consider Plaintiff's Judgment nondischargeable under § 523. To the extent that the Complaint could have been construed to request a determination that Plaintiff's Judgment is nondischargeable pursuant to § 523(a)(6) for a debt incurred as a result of willful and malicious injury, the Complaint still failed to allege the necessary elements.

The Complaint did no more than assert, in a conclusory and formulaic manner, that the Debtor's behavior in "disobeying" Plaintiff and letting "dangerous people" into his home was "malicious." Compl. ¶ 1. Under § 523(a)(6), a Debtor's conduct must have been both willful and malicious. *In re Jacobs,* 381 B.R. 128, 136-37 (Bankr. E.D. Pa. 2008). The willfulness requirement refers to a voluntary and deliberate or intentional injury caused by the debtor, not merely a deliberate or intentional act by the debtor that leads to injury. *In re Adalian,* 474 B.R. at 162 (citing *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998)). Here, the allegations related to Debtor's opening of the door to Plaintiff's home which, at most, qualified as an act that led to a most unfortunate injury at the hands of third parties. The Complaint did not allege that the Debtor opened the door to Plaintiff's home with the intent to injure the Plaintiff, and his conclusory recitations of elements of a cause of action did not suffice to state a claim. *See In re Sobol,* 545 B.R. at 486.

Finally, Fed. R. Bankr. P. 7001(9) authorizes commencement of an adversary proceeding to obtain a declaratory judgment relating to any of the foregoing causes of action. The Complaint, however, did not state any claims under the foregoing possible causes of action, so this section

13

did not apply either. Ultimately, the Complaint failed to allege any facts, or cite to any law, that would have entitled Plaintiff to relief. The Complaint accordingly was dismissed for failure to state any claim upon which relief can be granted and Plaintiff has failed to allege, nor can this Court discern, any extraordinary circumstances which would warrant granting the Motion to vacate the Order dismissing this adversary proceeding with prejudice.

### b. Rule 12(b)(1): Lack of Subject Matter Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine

The Court also dismissed the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, lower federal courts, including bankruptcy courts, "are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). If the relief requested would effectively reverse a state court decision, the *Rooker-Feldman* doctrine divests federal courts of subject matter jurisdiction over the matter. *See Gulla v. North Strabane Township*, 146 F.3d 168, 170 (3d Cir. 1998).

The Third Circuit has articulated a four part test to determine whether the *Rooker-Feldman* doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal lawsuit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments." *Great W. Mining and Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010).

Applying these factors, the *Rooker-Feldman* doctrine prevented this Court from entertaining Plaintiff's request that the Court order the Defendants to provide him with information about the Policy or order a sale of Debtor's Property and quash Bayview's priority lien status. The Plaintiff made those same requests in the PI Action, the Foreclosure Action and the Third Action and all

14

of those requests were denied by the state courts involved in such litigation. Bayview & BOA's Br. 2-3; KML's Br. 2-3. Clearly, the Complaint represented another attempt by the Plaintiff to relitigate and reverse decisions already determined by state courts, which is strictly prohibited under *Rooker-Feldman*.

The Motion fails to set forth, nor can this Court construe, any extraordinary circumstances which would warrant vacating the Order dismissing this adversary proceeding with prejudice.

## CONCLUSION

For the reasons discussed, the Plaintiff's Motion is denied. An appropriate order follows.

Date: December 8, 2017

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge

15